**CT Corporation**

**Service of Process Transmittal**
11/04/2014
CT Log Number 526018477

TO: Regina Griffis, AVP/Dept Manager
Fidelity National Financial, Inc.
601 Riverside Avenue, Building 5, 4th Floor
Jacksonville, FL 32204

RE: **Process Served in California**

FOR: ServiceLink Asset Management Solutions, LLC (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Steven Steeps, Pltf. vs. Servicelink, Inc., etc., et al. including ServiceLink Asset Management Solutions LLC, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, ADR Information(s), ADR Stipulation |
| **COURT/AGENCY:** | Orange County - Superior Court - Santa Ana, CA
Case # 3020100750945CLCLCJC |
| **NATURE OF ACTION:** | Plaintiff has sustained damages due to defendant's breach of employment agreement |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/04/2014 at 14:30 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Thomas G. Styskal
Kinley and Styskal
2600 Walnut Ave., Ste. E
Tustin, CA 92780
714-544-3163 |
| **REMARKS:** | Please note the process server underlined and/or highlighted the entity being served prior to receipt by CT. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/06/2014, Expected Purge Date: 11/11/2014
Image SOP
Email Notification, Regina Griffis regina.griffis@fnf.com
Email Notification, Title Claims titleclaims@fnf.com
Email Notification, Ian Walchesky ian.walchesky@bkfs.com
Email Notification, Christine Brant christine.brant@bkfs.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street
Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / PK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Servicelink, Inc., a Delaware corporation; Fidelity National Financial, Inc., a Delaware corporation; Servicelink Asset Management Solutions

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Steven Steeps

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

10/15/2014 at 10:43:53 AM

Clerk of the Superior Court
By Diana Cuevas, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* OC Superior Court of California
Central Justice Center
700 Civic Center Drive West, Santa Ana, CA 92701

**CASE NUMBER:**
*(Número)* 30-2014-00750945-CL-CL-CJC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Thomas G. Styskal, Kinley and Styskal, 2600 Walnut Ave., Ste. E, Tustin, CA 92780   714-544-3163

DATE: 10/15/2014       ALAN CARLSON, Clerk of the Court        Diana Cuevas, Deputy
*(Fecha)*                                                       *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Servicelink Asset Management Solutions, LLC
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 11/4/14

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Thomas G. Styskal, CSB 58416
KINLEY AND STYSKAL
2600 Walnut Ave., Suite E
Tustin, CA 92870
(714) 544-3163

Attorney for Plaintiffs
D.W. Johnston Construction, Inc.,
a California corporation

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
10/15/2014 at 10:43:53 AM
Clerk of the Superior Court
By Diana Cuevas, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| STEVEN STEEPS,<br><br>           Plaintiff,<br><br>vs.<br><br>SERVICELINK, INC., a Delaware corporation; FIDELITY NATIONAL FINANCIAL, INC., a Delaware corporation; SERVICELINK ASSET MANAGEMENT SOLUTIONS LLC; ASSET LINK LP, a Pennsylvania Limited Partnership and DOES 1 through 50,<br><br>           Defendants. | Case No.: 30-2014-00750945-CL-CL-CJC<br><br>**COMPLAINT FOR UNPAID WAGES (Labor Code §201); ACCOUNTING; and BREACH OF CONTRACT** |

Plaintiff, STEVEN STEEPS (hereafter "Plaintiff"), alleges:

1.   Plaintiff is, and at all times mentioned in this complaint was, a resident of Pima County, Arizona.

2.   Plaintiff is informed and believes and based upon such information and belief alleges that the Defendant SERVICELINK, INC. is or was a Delaware corporation and is or was a subsidiary

of FIDELITY NATIONAL FINANCIAL LINK. Plaintiff is informed and believes and based upon such information and belief alleges that FIDELITY NATIONAL FINANCIAL LINK is, or was, a Delaware corporation. Both entities are doing business within the State of California with their principal place of business located at 250 East Commerce Street, 2nd Floor, Irvine, CA 92602.

3. Plaintiff is informed and believes and based upon such information and belief alleges that SERVICELINK, INC. is now doing business as SERVICELINK ASSET MANAGEMENT SOLUTIONS LLC which is the subsidiary of at least 220 subsidiaries and sub-subsidiaries which includes no less than 2,373 businesses in the global family of the parent ASSET LINK LP, a Pennsylvania Limited Partnership. Plaintiff alleges on information and belief and based thereon that each of the above entities are either successors in interest of one or the other and/or are the parent organizations under which the entities do business.

4. Unless otherwise alleged in this complaint, Plaintiff is informed and believes and, on the basis of that information and belief, alleges that at all times mentioned in this complaint, the Defendants were the agents and employees of their co-Defendants and Plaintiff is informed and believes and thereon alleges that Defendant SERVICELINK is and was a subsidiary of Defendant FIDELITY NATIONAL FINANCIAL acting as the "national lender platform" for FIDELITY NATIONAL FINANCIAL. As the agent or employee of their co-Defendant, the Defendants herein were acting within the course and scope of that agency and employment.

5.  Plaintiff does not know the true names of Defendants DOES 1 through 50, inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and believes that DOE Defendants are California residents.

### FIRST CAUSE OF ACTION

### (Unpaid Wages - Labor Code §201)

6.  Plaintiff hereby incorporates by reference paragraphs 1 through 5 herein above set forth.

7.  Plaintiff was hired by Defendants in July of 2008 for the primary purpose of bringing a new account into the customer accounts of the Defendants, that account being Quality Loan Service. Plaintiff was hired as a sales representative of Defendants and specifically was assigned the Quality Loan Service account.

8.  In July 2008, Plaintiff entered into a written agreement with the Defendants by which he was to be paid a commission of eight percent on all sales generated by the Plaintiff. In late 2009 or early 2010, the Plaintiff was approached by the Defendants herein who requested that he reduce his commissions on certain discounted products including Trustee Sale Guaranties for Fannie Mae and Freddie Mac. Plaintiff agreed to reduce his commission to five percent on the discounted sales.

9.  In mid-2011, Plaintiff was notified by Quality Loan Service that they would commence using SERVICELINK on Real Estate Owned (REO) title orders. Because REO title products have a much higher fee base than Trustee Sale Guaranties, Defendants, acknowledging Plaintiff's cooperation in reducing

his commission on TSG orders, agreed to pay a commission to the Plaintiff at a rate of 12% on REO orders.

10. Defendants commenced receiving the business of Quality Loan Service for REO title orders in early 2012. Because an escrow is involved in each of the REO title orders, Defendants and Plaintiff agreed that Plaintiff would be paid at the close of each escrow.

11. As of the date of this complaint, Plaintiff has never been paid on a single Quality Loan Service REO order. Plaintiff is informed and believes that significant REO orders have closed escrow and that a significant number of REO orders with Quality Loan Service generated as a result of the Plaintiff's efforts will be closing.

12. On February 2, 2013, Plaintiff terminated his employment with the Defendants and requested payment of his commissions. Defendants have failed to remit payment for commissions earned by the Defendant.

13. Pursuant to Labor Code §201, at the time Plaintiff's employment ended, Defendants were obligated to pay Plaintiff commissions in an amount which Plaintiff is informed and believes is close to $140,000.00. Additionally, Plaintiff is informed and believes that at least another $100,000.00 in commissions are due or will become due upon the close of escrows for REO title orders generated by Plaintiff's efforts. In violation of Labor Code §201, Defendants have failed to pay the Plaintiff any of the amounts of the commissions due and owing to Plaintiff. Although Plaintiff has demanded payment, Defendants

have refused and continue to refuse Plaintiff the amounts due and owing to Plaintiff.

14. Since the date of Plaintiff's termination from employment with Defendants, Plaintiff has been available and ready to receive the amount of wages due and owing Plaintiff. Plaintiff has not refused to receive any payment.

15. Defendants' failure to pay Plaintiff the wages due and owing was willful in that Plaintiff has made both verbal and written demand for payment but Defendants have refused to pay any portion of the amount due and owing Plaintiff.

16. Defendants' willful failure to pay Plaintiff the wages due and owing Plaintiff as specified herein constitutes a violation of Labor Code §201 that provides that an employee's wages will continue as a penalty until paid up to 30 days from the time the wages were due.

17. Pursuant to Labor Code §218.5, Plaintiff requests the court award Plaintiff reasonable attorneys' fees and costs incurred by Plaintiff in this action.

### SECOND CAUSE OF ACTION

### (Action for an Accounting)

18. Plaintiff repleads and realleges paragraphs 1-17, inclusive as set forth above and incorporates them herein by reference as though fully set forth at length.

19. During the period of Plaintiff's employment with Defendants and, specifically, during the period between January of 2012 and the date of this complaint, Defendants have maintained records of all orders generated by Plaintiff's efforts for Trustee Sale Guaranty title orders

1  and REO title orders. All orders generated by Plaintiff
2  are processed by the Defendants in the ordinary course of their
3  business. It is upon the basis of the records maintained by the
4  Defendants that Plaintiff's commissions can be calculated and
5  from which payment can be made.
6      20. As alleged herein above, commissions are due to the
7  Plaintiff as a result of orders generated by him for Trustee
8  Sale Guaranties and for REO title orders generated by Plaintiff
9  with Quality Loan Service. Plaintiff alleges that the sales and
10 the orders generated by Plaintiff's efforts are so numerous and
11 complicated that the amount due to Plaintiff can be determined
12 only by way of an accounting. Moreover, the exact disposition
13 of all of the transactions generated by Plaintiff's efforts on
14 behalf of Defendants is uniquely within Defendants' knowledge
15 and possession. The amount due to Plaintiff would be shown by
16 an accounting.
17     21. On or about March 13, 2013, Plaintiff demanded an
18 accounting from Defendants of the amounts due to Plaintiff as a
19 result of sales generated by Plaintiff. Plaintiff requested
20 that Defendants reply within seven days notifying Plaintiff of
21 their intent to comply with his request. Prior to March 13,
22 2013, oral requests were also made to the Defendants.
23     22. Defendants have not accounted to, nor paid, Plaintiff
24 for the commissions earned by Plaintiff and Defendants refuse
25 and continue to refuse to account for or pay Plaintiff the
26 amount due.
27 ///
28 ///

## THIRD CAUSE OF ACTION

### (Breach of Contract)

23. Plaintiff repleads and realleges paragraphs 1 through 22, inclusive as set forth above and incorporates them herein by reference as though fully set forth at length.

24. Plaintiff alleges that in or about July 2008, a written agreement was entered into between Plaintiff and Defendants. During the course of the employment relationship, oral modifications were made to the original agreement.

25. The essential terms of the employment contract upon which Plaintiff relied in regards to the sums due included, beginning in July of 2008, an eight percent commission on all orders of Trustee Sale Guaranty services. As alleged hereinabove that amount was adjusted with Plaintiff's consent to a five percent commission. Thereafter, as alleged hereinabove, Plaintiff was promised verbally by way of an oral agreement with Defendant a 12 percent commission on REO orders. The REO orders commenced in early 2012 and have continued thereafter for Quality Loan Service whom Plaintiff was instrumental in bringing to Defendants as a customer.

26. In or about June of 2012, commissions due to Plaintiff have been generated as a result of the REO title orders and have continued to be generated in the ensuing months and continue to accrue. Plaintiff is entitled to compensation for all commissions generated by him during the term of his employment.

///

27. On or about February 2, 2013, Plaintiff terminated employment with Defendants. As of that date and in the ensuing months, despite Plaintiff's demand for payments, Defendants have breached the agreement by failing to pay the Plaintiff commissions due pursuant to the terms of the employment agreement between the parties. Plaintiff has not been compensated for commissions earned on sales from approximately January 2012 through the date of this Complaint. Commissions are due and payable to the Plaintiff.

28. Plaintiff has performed all obligations to Defendants except those obligations Plaintiff was prevented or excused from performing.

29. Plaintiff has suffered damages proximately caused by the Defendants' breach of the employment agreement in an amount to be determined at trial.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. For an accounting of commissions earned by Plaintiff on sales from approximately January 2012 through the date of trial;

2. For compensatory damages in an amount to be determined at trial representing commissions wages owed to Plaintiff;

3. For interest on the amount from the date compensation accrued to Plaintiff;

4. For penalty in an amount to be determined at trial pursuant to Lab. Code §203;

5. For reasonable attorneys' fees pursuant to Lab. Code § 218.5; and

6. For costs of suit pursuant to Labor Code § 218.5; and

7. For any other and further relief that the court considers proper.

Oct. 12, 2014                               KINLEY AND STYSKAL

By _____
THOMAS G. STYSKAL, Attorneys
for Plaintiff STEVEN STEEPS

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Thomas G. Styskal, CSB 58416<br>KINLEY AND STYSKAL<br>2600 Walnut Ave., Suite E, Tustin, CA 92780-7032<br>TELEPHONE NO.: 714.544.3163   FAX NO.: 714.544.2736<br>ATTORNEY FOR *(Name)*: STEVEN STEEPS | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**10/15/2014** at 10:43:53 AM<br>Clerk of the Superior Court<br>By Diana Cuevas, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 CIVIC CENTER DR. WEST
MAILING ADDRESS:
CITY AND ZIP CODE: SANTA ANA, CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

CASE NAME:
STEVEN STEEPS VS. SERVICELINK, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>30-2014-00750945-CL-CL-CJC |
|---|---|---|---|---|
| ☐ Unlimited<br>(Amount demanded exceeds $25,000) | ☒ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☒ Other collections (09) | ☐ Construction defect (10) |
| | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Wrongful eviction (33) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Writ of mandate (02) | |
| ☐ Wrongful termination (36) | ☐ Other judicial review (39) | |
| ☐ Other employment (15) | | |

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.☒ monetary   b.☐ nonmonetary; declaratory or injunctive relief   c.☐ punitive
4. Number of causes of action *(specify)*: THREE
5. This case ☐ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 9/9/14

THOMAS G. STYSKAL                              ▶ *[signature]*
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

## NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

### TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

### ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|
| Telephone No.:  Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name)*:  Bar No: | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>JUSTICE CENTER:<br>☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13th Street, Westminster, CA 92683-0500 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
　　　☐ Under section 1141.11 of the Code of Civil Procedure
　　　☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____     _____     _____
　　　　　　　　　　　　(SIGNATURE OF PLAINTIFF OR ATTORNEY)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____     _____     _____
　　　　　　　　　　　　(SIGNATURE OF DEFENDANT OR ATTORNEY)   (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use　　　　　　　　　　　　　　　　　　　　California Rules of Court, rule 3.221
L1270 (Rev. January 2010)